**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2055**

JESSICA L. COOPER,

          Plaintiff - Appellee,

     v.

ANTHONY A. LIPPA, JR.; MARSHALL M. ELLETT,

          Defendants – Appellants,

     and

PATRICK H. BLASIOL; FONDA L. BRENNAN; WARNER D. LIPSCOMB,

          Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:11-cv-00712-JRS-DJN; 3:12-cv-00828-JRS)

Submitted: March 31, 2014          Decided: April 4, 2014

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Alexander Francuzenko, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellants. David R. Simonsen, Jr., Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessica L. Cooper filed suit pursuant to 42 U.S.C. § 1983 (2006), inter alia, against Anthony Lippa, Jr., and Marshall M. Ellett (the Appellants), and others, alleging that Appellants engaged in a pattern of harassment and malicious prosecution. Appellants filed a motion for summary judgment based on qualified immunity, which the district court denied. They noted a timely appeal.

This court may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders. 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). While interlocutory orders generally are not appealable, an order denying a defendant's claim of qualified immunity is immediately appealable under the collateral order doctrine "to the extent that it turns on an issue of law." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Iko v. Shreve, 535 F.3d 225, 234 (4th Cir. 2008). However, a district court's determination that a genuine issue of material fact exists that precludes summary judgment on qualified immunity grounds is not immediately appealable. Johnson v. Jones, 515 U.S. 304, 313-20

(1995); Culosi v. Bullock, 596 F.3d 195, 201 (4th Cir. 2010). Thus, this court has "no jurisdiction over a claim that a plaintiff has not presented enough evidence to prove that the plaintiff's version of the events actually occurred, but [the court has] jurisdiction over a claim that there was no violation of clearly established law accepting the facts as the district court viewed them." Winfield v. Bass, 106 F.3d 525, 530 (4th Cir. 1997) (en banc).

Because the qualified immunity determination in this matter ultimately turns on presently unresolved questions of fact, rather than on an evaluation of the legal significance of facts found by the district court, we do not possess jurisdiction over this appeal. Therefore, we dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED